LAW OFFICE OF TIMOTHY L. JOENS
A Professional Corporation
TIMOTHY L. JOENS, ESQ. - STATE BAR #090532
2201 Dupont Drive, Suite 820
Irvine, California 92612
Telephone: (949) 851-0866
Fax: (949) 851-1250

Attorneys for Plaintiff,
   SCIENTIFIC CONCEPTS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCIENTIFIC CONCEPTS, INC., a Florida corporation, <br><br> Plaintiff, <br><br> vs. <br><br> MENZIES AVIATION, a Delaware corporation, <br><br> Defendants. | Case No. <br><br><br><br><br><br> COMPLAINT FOR BREACH OF CONTRACT; FRAUD; FOR WORK, LABOR & SERVICES AT AN AGREED PRICE; QUANTUM MERUIT; AND, TREBLE DAMAGES PURSUANT TO *PENAL CODE* § 406 <br><br> DEMAND FOR JURY TRIAL |

Plaintiff, SCIENTIFIC CONCEPTS, INC., alleges:

**JURISDICTION & VENUE**

1. This is a civil action of which this court has original jurisdiction pursuant to 28 U.S.C. § 1332 in that it is an action between citizens of different states and/or a foreign nation and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 in that Plaintiff is informed and believes, and based thereon alleges, that a substantial part of the events, act, and omissions giving rise to the subject claim occurred herein.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

3. At all times herein mentioned, Plaintiff, SCIENTIFIC CONCEPTS, INC. (hereinafter referred to as "SCIENTIFIC CONCEPTS"), is and was, a corporation incorporated in the state of Florida and with its principal place of business in the state of California. SCIENTIFIC CONCEPTS formerly did business under the fictitious business name "Spirit Airport Services."

4. Plaintiff is informed and believes, and based thereon alleges, that all times herein mentioned, Defendant, MENZIES AVIATION (hereinafter referred to as "MENZIES"), is and was a corporation incorporated in the state of Delaware with its principal place of business either in London, England, or in Edinburgh, Scotland.

## FACTS GIVING RISE TO THIS ACTION

5. On or about May 4, 2012, Plaintiff entered into a written contract entitled "Aircraft Interior Cleaning Services Agreement" with MENZIES, by which said SCIENTIFIC CONCEPTS agreed to perform certain cleaning services for MENZIES and MENZIES agreed to pay therefor as set forth in said agreement. (Said agreement is hereinafter referred to as "The Agreement".) A true and correct copy of The Agreement is attached hereto has Exhibit 1. The Agreement was supported by consideration.

6. At all times relevant hereto, SCIENTIFIC CONCEPTS has performed all of the terms and conditions on its part to be performed under The Agreement except those as to which performance has been excused.

7. Although The Agreement did not require SCIENTIFIC CONCEPTS to perform linen inventory management, transportation, uploading and/or downloading (hereinafter referred to as "linen related services"), MENZIES insisted that Plaintiff perform such services. In an effort to fulfill its responsibilities under The Agreement

and to create a good working relationship, Plaintiff performed such services and asked MENZIES to renegotiate the amount it paid under The Agreement. MENZIES refused to renegotiate said price and continued to insist that Plaintiff perform said services.

8. At the end of the initial term of The Agreement in or about June 2015, SCIENTIFIC CONCEPTS gave notice to MENZIES that it would require an increase in the price that MENZIES was paying for services under The Agreement. Plaintiff then advised MENZIES that it must start compensating Plaintiff for said services or it must take over the performance of linen related services itself. The parties then agreed that MENZIES would begin performing linen related services. Nevertheless, on the day MENZIES had agreed to begin performing linen related services, it wrote to Plaintiff via email at or about 1:30a.m. stating it was not prepared to perform those services, that Plaintiff must continue to perform them, and that MENZIES would not compensate Plaintiff for performing them.

9. As a result of the unreasonable position taken by MENZIES in insisting that SCIENTIFIC CONCEPTS continue performing services without adequate compensation, on or about September 5, 2015, Plaintiff exercised its right under The Agreement to terminate said agreement effective October 6, 2015.

10. Thereafter, MENZIES advised SCIENTIFIC CONCEPTS that it would not be prepared to perform the subject services on October 6, 2015, and asked Plaintiff to continue performing the services that it had performed under The Agreement and the linen related services. In response, Plaintiff offered in writing, via email and otherwise, to perform said services until the end of 2015 in exchange for increased rates by which Plaintiff would be paid $136.00 per B747 and $202.00 per A380 to which it provided services (hereinafter referred to as "the modified rates"). MENZIES agreed to pay the modified rates through December 12, 2015, when it would make other arrangements and confirmed said agreement in certain emails, including one on or about October 24, 2015, (hereinafter referred to as "the modified agreement").

1  Therefore, in consideration of said agreement, Plaintiff agreed to perform, and did
2  perform said services through on or about December 12, 2015.
3      11.  At all times relevant hereto, SCIENTIFIC CONCEPTS has performed all of
4  the terms and conditions on its part to be performed under the modified agreement,
5  except those as to which performance has been excused.
6      12.  Pursuant to said modified agreement as set forth above, Plaintiff continued
7  to provide services to MENZIES.  In conformity with the parties' modified agreement,
8  MENZIES then paid the modified rates as set forth above for the first two invoices
9  under said modified agreement (November 16, 2015, and December 1, 2015).
10 However, when Plaintiff issued the final invoice for services through December 12,
11 2015, MENZIES advised Plaintiff it would not pay such modified rates, would pay
12 only the rates set forth in The Agreement, and would deduct the increased rates it had
13 paid pursuant to the November 16, 2015 and December 1, 2015 invoices from any
14 sums due on the December 12, 2015 invoice.
15     13.  The amount due and owing to Plaintiff on the December 12, 2015, invoice
16 pursuant to the modified rates was $192,000.00.  MENZIES has paid Plaintiff only the
17 approximate sum of $62,000.00 and has failed and refused, and continues to fail and
18 refuse, to pay any additional sums.

**FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT**
**(Against Defendant MENZIES)**

21     14.  Plaintiff refers to and incorporates herein by this reference all of the
22 allegations set forth in paragraphs 1 through 13 above as though set forth again in full.
23     15.  In failing and refusing to comply with the terms, promises, covenants and
24 agreements of the modified agreement, Defendant, MENZIES, has breached the terms
25 of said contract.
26     16.  As a direct, proximate, and legal result of the breaches of the modified
27 agreement by Defendant herein, Plaintiff has been damaged in a sum in excess of
28 $130,000.00, together with interest thereon at the legal rate from the time of said

breaches.

## SECOND CAUSE OF ACTION FOR FRAUD
### (Against Defendant, MENZIES)

17. Plaintiff refers to and incorporates herein by this reference all of the allegations set forth in paragraphs 1 through 16 above as though set forth again in full.

18. In or about October 2015, Defendant by and through its Vice President, Frank Dobbelsteijn, represented to Plaintiff that if Plaintiff would continue to perform the services and linen related services described above, it would pay Plaintiff the modified rates for such services.  Said representations were made by Mr. Dobbelsteijn both verbally on the telephone to Alex Morrison, a representative of Plaintiff, and via email to Mr. Morrison.

19. Plaintiff is informed and believes, and based thereon alleges, the representations made by Defendant as hereinbefore set forth that it would pay the modified rates were in fact false, and were known to be false to said Defendant when it made said representations to Plaintiff.  Plaintiff is informed and believes, and based thereon alleges, that contrary to said representations, Defendant never intended to pay said modified rates and always intended to pay only the original rates under The Agreement.  Plaintiff is informed and believes, and based thereon alleges, that Defendant made said representations to Plaintiff to induce Plaintiff to continue to perform said services and linen related services.  Plaintiff is further informed and believes, and based thereon alleges that Defendant at all times intended to deduct any increased rates from the final invoice from Plaintiff so that it paid only the original rates under The Agreement for said services.

20. Plaintiff relied upon the representations and promises of MENZIES as set forth above in entering into the modified agreement identified above.  Said reliance was reasonable and Plaintiff had no reason and/or basis not to believe said representations were true and/or that Defendant did not intend to honor its promises.

21. As a direct, proximate and legal result of said misrepresentations by

Defendant, Plaintiff has been damaged in a sum in excess of $160,000.00, together with interest thereon at the legal rate.

22. Plaintiff is informed and believes, and based thereon alleges, that each of Defendant's actions were done fraudulently, maliciously, and oppressively. Plaintiff is entitled to recover punitive damages in a sum according to proof as the time of trial herein, but in excess of $500,000.00.

### THIRD CAUSE OF ACTION FOR WORK, LABOR & SERVICES AT AN AGREED PRICE
### (Against Defendant, MENZIES)

23. Plaintiff refers to and incorporates herein by this reference all of the allegations set forth in paragraphs 1 through 22 above as though set forth again in full.

24. Within the last four (4) years, Plaintiff rendered work, labor, and services to Defendant at the special request of Defendant for which said Defendant promised to pay Plaintiff an agreed price (*i.e.*, the modified rates).

25. At all times herein mentioned, the agreed price for said services and ther reasonable value thereof were and are of a value in excess of $192,000.00.

26. Neither the whole nor any part of said sum has been paid except for the sum of $62,000.00, although demand therefor has been made, and there is now due, owing, and unpaid the sum of $130,000.00, with interest thereon at the legal rate from December 12, 2015.

### FOURTH CAUSE OF ACTION FOR QUANTUM MERUIT
### (Against Defendant, MENZIES)

27. Plaintiff refers to and incorporates herein by this reference all of the allegations set forth in paragraphs 1 through 26 above as though set forth again in full.

28. Within the last four (4) years, Plaintiff rendered work, labor, and services to Defendant at the special request of Defendant for which said Defendant promised to pay Plaintiff the reasonable value of such services.

29. At all times herein mentioned, the above services were and are of a

1  reasonable value in excess of $192,000.00.

2      30.  Neither the whole nor any part of said sum has been paid except for the sum
3  of $62,000.00, although demand therefor has been made, and there is now due, owing,
4  and unpaid the sum of $130,000.00, with interest thereon at the legal rate from
5  December 12, 2015.

## FIFTH CAUSE OF ACTION FOR TREBLE DAMAGES PURSUANT TO *PENAL CODE* § 496
### (Against Defendant, MENZIES)

9      31.  Plaintiff refers to and incorporates herein by this reference all of the
10  allegations set forth in paragraphs 1 through 30 above as though set forth again in full.

11      32.  Section 496 of the California *Penal Code* provides in pertinent part:

> "(a) Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170.
>
> " . . . ( c) Any person who has been injured by a violation of subdivision (a) or (b) may bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees."

22      33.  Defendant knew the property they received from Plaintiff was stolen, and
23  has concealed, transferred, and/or withheld the same.

24      34.  Plaintiff seeks the treble damages authorized under *Penal Code* §496 in a
25  civil action.  The actual damages sustained by Plaintiff by virtue of Defendant's theft
26  is in or about the sum of $130,000.00.  Plaintiff therefore seeks damages herein in the
27  sum of $390,000.00.

28      35.  Plaintiff also seeks reasonable attorneys fees as authorized in *Penal Code*

§496, along with all costs incurred in this action.

WHEREFORE, Plaintiff prays judgment against Defendant herein as follows:

1. On Plaintiff's First Cause of Action herein:
    a. For all sums due and owing on the modified agreement according to proof, but in excess of $130,000.00, together with interest thereon at the legal rate.
2. On Plaintiff's Second Cause of Action herein:
    a. For all damages sustained by Plaintiff according to proof, but in excess of $130,000.00, together with interest thereon at the legal rate; and,
    b. For punitive and exemplary damages according to proof.
3. On Plaintiff's Third Cause of Action herein:
    a. For all sums due and owing according to proof, but in excess of $130,000.00, together with interest thereon at the legal rate.
4. On Plaintiff's Fourth Cause of Action herein:
    a. For all sums due and owing according to proof, but in excess of $130,000.00, together with interest thereon at the legal rate.
5. On Plaintiff's Fifth Cause of Action herein:
    a. For all sums due and owing for damages according to proof, but in excess of $130,000.00, together with interest thereon at the legal rate;
    b. For treble damages according to proof, but in excess of the sum of $390,000.00; and,
    c. For attorney's fees and costs according to proof, but in excess of $250,000.00.
6. On each cause of action herein:
    a. For costs of suit herein incurred;

/ / /
/ / /
/ / /

    b. For interest on all sums due herein; and,

    c. For such other and further relief as to the court seems just and proper.

Dated: January 6, 2015

LAW OFFICE OF TIMOTHY L. JOENS
A Professional Corporation

By _____
    TIMOTHY L. JOENS, ESQ.
    Attorneys for Plaintiff,
    SCIENTIFIC CONCEPTS, INC.

## DEMAND FOR JURY TRIAL

Plaintiff requests trial by jury in this matter as to all matters triable thereto.

Dated: January 6, 2015

LAW OFFICE OF TIMOTHY L. JOENS
A Professional Corporation

By _____
    TIMOTHY L. JOENS, ESQ.
    Attorneys for Plaintiff,
    SCIENTIFIC CONCEPTS, INC.